### WHEELER *v.* TIMPSON.

(*Supreme Court, General Term, First Department.* March 13, 1891.)

1. ACCORD AND SATISFACTION—WEIGHT OF EVIDENCE.

In an action by an assignee of a firm of brokers for a balance on purchases of stocks for defendant by them, defendant alleged and testified to an agreement between himself and one of the members of the firm that the firm would accept in settlement of such purchases the individual "puts" of such member. The latter, although testifying that no such arrangement existed, did not contradict defendant's testimony in detail. The other members of the firm denied any such agreement. *Held,* that a finding of a referee against the existence of such agreement should be sustained.

2. SAME—EVIDENCE OF RATIFICATION.

In the absence of proof of knowledge on the part of the firm of such an agreement, the fact that they had accepted such "puts" in settlement of previous transactions did not show ratification by them.

3. DOCUMENTARY EVIDENCE—HARMLESS ERROR.

The admission in evidence of entries of the transactions in the books of the firm, although such entries were not binding on defendant, was not ground of reversal of a judgment against him, where it appeared that such proof could have had no effect on the determination of the question of fact injurious to defendant.

4. SAME.

So, also, the exclusion of evidence for defendant that entries of sales of stock in his account in the firm books did not represent actual sales, but only transactions in which such individual "puts" were accepted in settlement of purchases for him, was not ground for reversal; the evidence that the firm was in the habit of accepting such "puts" in liquidation of those transactions being uncontradicted.

Appeal from judgment entered on report of referee.

Action by John Wheeler, as assignee for benefit of creditors of Orlando M. Bogart, Richard W. Bogart, and Alanson M. Wilcox, against Theodore Timpson. Defendant appeals from a judgment for plaintiff entered on trial by a referee.

Argued before VAN BRUNT, P. J., and BRADY and DANIELS, JJ.

*Boardman & Boardman,* (*Edw. C. Boardman,* of counsel,) for appellant. *Butler, Stillman & Hubbard,* (*John Notman,* of counsel,) for respondent.

VAN BRUNT, P. J. This action was brought to recover an alleged balance claimed to be due from the defendant to the late firm of O. M. Bogart & Co., whereof the plaintiff is the assignee. The claim of the defendant before the referee was that he had been dealing with the firm of O. M. Bogart & Co. for many years prior to its failure; that he had ordered them to purchase stocks for him during these years; and that in a great number of instances the stocks had been purchased under an agreement between himself and the firm that they would accept in settlement the individual puts of O. M. Bogart, Sr., who was a member of the firm, in liquidation of any stock transaction for which he could produce such puts; and that in the present action he was entitled to be credited with the amount fixed by such puts on three different transactions, while in fact he was refused such credit, and was credited only with the amount which the stock referred to in such puts realized upon a sale under the rules of the New York Stock Exchange. It was claimed upon the part of the plaintiff that the puts were the individual puts of O. M. Bogart,

Sr., and that the firm had nothing whatever to do with them, and was not bound thereby, except so far as such puts may have been accepted by the firm. The plaintiff claimed over $13,000, with interest from, May, 1884. Upon the trial it appeared that defendant was entitled to a credit of over $9,000, relating to a transaction which took place on the 8th of May, 1884, prior to the assignment, which, however, was not entered in the books of the firm until afterwards. It appears from the evidence that just prior to the failure of O. M. Bogart & Co. the defendant presented to the firm a put for 100 shares of Lake Shore. The clerk to whom such put was presented failed to report it to the book-keeper on the day when it was presented. Subsequently, upon the attention of the clerk being called by the book-keeper to the transaction, he stated that the put had been presented on the 8th of May, and had been accepted by the firm, but that he had omitted to report it. Thereupon the book-keeper entered it as an omitted entry as of the 8th of May, and upon the books of the firm the credit appeared in favor of the defendant in the defendant's account with the firm. It further appeared from the evidence that the defendant was entitled to this credit, and it was allowed by the referee, leaving a balance due from the defendant to the plaintiff as found by the referee. It is claimed upon the part of the defendant that the evidence established an agreement between himself and O. M. Bogart, Sr., that these puts should be accepted by his firm in settlement of the purchase of any stock which might be ordered by him from the firm. And it is urged that, while conceding that every living member of the firm denied any such agreement, yet, as O. M. Bogart, Sr., was examined as a witness, and, although testifying that no such arrangement existed as is claimed by the defendant, did not contradict the testimony of the defendant in detail, therefore it is a concession upon his part that some such arrangement was made. We fail to see the force of the suggestion. The testimony of O. M. Bogart, Sr., contradicted the testimony of the defendant upon this point; and it may be proper to observe that, even if the defendant had established by his testimony and that of O. M. Bogart, Sr., the existence of such an agreement, it would not be binding upon the firm, unless it was shown that they had knowledge of its existence, and acquiesced therein. It was certainly beyond the power of any member of a firm to make such an agreement. It was not shown to be the ordinary way of transacting the firm business, and O. M. Bogart, Sr., was not shown to have authority to make any such arrangement; and the mere fact that upon previous transactions the firm had accepted these puts in settlement of stock sales cannot be relied upon to show ratification by the firm, without also establishing knowledge of the agreement which it is claimed O. M. Bogart, Sr., made with the defendant. The firm in accepting these puts in settlement were accepting the personal responsibility of one of the members of the firm as long as that member was in good standing, and nothing more. It was precisely the same as though in settlement of these sales the defendant had presented the individual check of one of the members of the firm, and the same had been accepted by the firm. It will thus appear that the question of the existence of this agreement was one of fact, which the referee has decided adversely to the defendant, and, we think, rightly, because the weight of evidence is strongly against the claim made by the defendant; and it seems to us that the idea of the arrangement and understanding has grown in the defendant's mind out of the fact that he had been in the habit of using the puts in the manner described.

It is claimed upon the part of the defendant that the referee erred in allowing evidence as to how these transactions were entered in the books of O. M. Bogart & Co. and of the entries made in O. M. Bogart's individual account in those books. It is undoubtedly true that the entries were not binding upon the defendant, but it is also equally true that the introduction of this evidence could not possibly work to the prejudice of the defendant, as it in no way

tended to contradict, or in any way impeach, the testimony he had given, but, on the contrary, seemed .to strengthen it, and give some plausibility to the statement which he made of the agreement which he had entered into with O. M. Bogart, Sr. The entries were made precisely as they would have been had such an agreement been entered into; and it is equally true that they were made precisely as they would have been had no such agreement been entered into, but the firm had simply accepted the contract of a solvent promisor in settlement of their transactions with the defendant. The proof, under.no circumstances, could have any effect in determining the question of fact injurious to the defendant. The objection to the exclusion of evidence whereby the defendant sought to prove that certain items in the account of the defendant in the ledger of O. M. Bogart & Co. did not represent actual transactions, upon the theory that the evidence tended to support the claim of the defendant herein, is not well taken, for the reasons already given. Whether such arrangement had been made or not, if Bogart & Co. accepted the puts of O. M. Bogart, Sr., upon any transaction, the entry in question would have been made, and consequently the evidence would not have tended to establish the arrangement claimed upon the part of the defendant. The fact that these entries appeared to represent actual sales, both in the books and in the bill of particulars in this action, in no way altered the question in view of the fact that the evidence was uncontradicted that the firm had been in the habit of accepting the puts of O. M. Bogart, Sr., in liquidation of transactions between the defendant and the firm. Upon the whole case, therefore, the conclusion of the referee seems to be supported by the evidence, and the judgment should be affirmed, with costs. All concur.